UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIMITRI Z. STORM,

      Plaintiff,

    v.

CDCR OFFICERS, *et al.*,

      Defendants.

Case No.  2:26-cv-0028-DC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brings this action and vaguely alleges that unidentified correctional officers engaged in a conspiracy to steal his property, falsify official documents, and attempt his assassination.  ECF No. 1 at 3-5.  Before this action can proceed, however, plaintiff must pay the filing fee because he is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).  Plaintiff has had at least three cases dismissed for failure to state a claim upon which relief can be granted.  The court takes judicial notice of the following cases constituting strikes because each was dismissed for failure to state a claim: (1) *Storm v. Newsom*, 1:24-cv-0236-KES-BAM (P), dismissed February 7, 2025; (2) *Storm v. Newsom*, 1:24-cv-0743-JLT-SKO (P), dismissed August 18, 2025; (3) *Storm v. Warden*, 2:25-cv-1483-DJC-AC (P), dismissed December 8, 2025.

Plaintiff might be entitled to proceed *in forma pauperis* in spite of this status, if he alleged

1

he was in imminent danger.  The claims do not make such an allegation.  Plaintiff's allegations are vague and fanciful.  For instance, he alleges that among the documents confiscated from him by the unnamed officers were files sent to him by the Pentagon, the Joint Chiefs of Staff, and the Central Intelligence Agency.  ECF No. 1 at 3.  Plaintiff does allege that he was the target of an attempted assassination, but these claims also appear fanciful. He alleges that the would-be assassin, an inmate named Griffin, was a "trained assassin," a graduate of the "Step Down Behavior Modification Program," and under the "direct command" of unnamed prison staff.  *Id.* at 4.  These claims do not make the required showing for the exception.  *See Roberts v. White*, No. 1:21-cv-00167-JLT-HBK (PC), 2023 U.S. Dist. LEXIS 63711, *5 (E.D. Cal. Apr. 11, 2023) ("Assertions of imminent danger may be rejected as overly speculative, fanciful, or conclusory or ridiculous.") (internal quotation marks omitted).

Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and that plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 24, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2